### 7576. DICKEY *v.* MILLEN FERTILIZER COMPANY.

There is no merit in any of the exceptions taken in this case; and, it appearing that the writ of error was sued out for delay only, damages are awarded against the plaintiff in error.

DECIDED SEPTEMBER 21, 1916.

Complaint; from city court of Millen—Judge T. L. Hill. May 2, 1916.

*William Woodrum,* for plaintiff in error. *G. C. Dekle,* contra.

HODGES, J. This was a suit upon two promissory notes given for fertilizers. The defendant filed an answer setting up a partial payment and a partial failure of consideration. The verdict was against the defendant. His motion for a new trial was overruled, and he excepted. On the trial the judge struck all portions of the defendant's plea setting up a failure of consideration, for the reason that a plea of payment had been filed and that this amounted to an admission of the receipt of consideration, and that inasmuch as a tender of the balance due had been made, the plea was not good in law. The plaintiff, before bringing suit, allowed a credit in the sum of $518.13. The defendant, in his plea, contended that the credit should have been $697.12, and further contended that all the fertilizers purchased by him amounted to 20 tons of guano and 6 tons of top dresser, for the sum of $735. He did not plead a total failure of consideration, but contended that he received only 20 tons of guano, while the notes stated that he had purchased 290 sacks or 29 tons of guano; and that he only received 6 tons of top dresser, while the notes stated that he received 78 sacks or 7 8/10 tons of top dresser.

1. The judgment refusing a new trial was not erroneous. The defendant knew what he had received when he made the partial payment and the tender; and from a consideration of the record it appears that the plaintiff, while successful in its litigation, really lost about $200 of the amount it was entitled to receive by the verdict.

2. The defendant testified: "Walter Sherrod did not work for me last year; he never has worked for me. He may have done a day's work, picking a few pounds of cotton. I ain't never hired him. He never hauled a pound of guano for me last year." He now presents, in connection with the ground of the motion for a new trial relating to newly discovered evidence, an affidavit from Sherrod that he (Sherrod) "never hauled but twenty sacks of guano of any kind from the Millen Fertilizer Company for B. J. Dickey" (the defendant). This is sufficient to condemn the newly discovered evidence.

3. There is no merit in any of the exceptions taken; the appeal

is frivolous and intended for delay. In order to discourage such conduct on the part of litigants, damages to the extent of ten per cent. upon the amount of the verdict and judgment are awarded against the plaintiff in error.

*Judgment affirmed, with damages.*